# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

REGINA BARKEN,

        Plaintiff,

v.

MICHAEL SARENAC, KENT GORDON, JAMES JORDAN, RAENA VRTOCHNICK, and TROY JANKOWSKI,

        Defendants.

Case No. 22-CV-783-JPS

**ORDER**

In this case, Plaintiff Regina Barken ("Plaintiff") alleges Defendants Michael Sarenac, Kent Gordon, James Jordan, Raena Vrtochnick, and Troy Jankowski (collectively, "Defendants")—all police officers for the City of Milwaukee—violated her federal constitutional rights by arresting her without probable cause and subjecting her to excessive detention. ECF No. 1. Shortly after the complaint was filed, the Court entered its standard Pretrial Procedures Order, which specified:

> Notwithstanding Civil Local Rule 56(b), the parties must submit a single, agreed-upon statement of facts, written in narrative, paragraph form, consisting of only material facts and the minimum necessary contextualizing facts. The parties should omit a facts section from their briefing; the Court will only consider the single, agreed-upon statement of facts. Any disputed facts must be itemized separately and supported by each party's separate pinpoint citation to the record. Itemized disputed facts may not exceed one (1) page per party. The parties must certify in writing that they met and conferred prior to filing a dispositive motion. If the parties cannot agree upon a set of facts, or if any of the disputed facts are material, then summary judgment is not appropriate. Fed. R. Civ. P.

> 56(a). In short, simply because the rules provide for filing motions for summary judgment does not mean that the moving party is obliged to do so.

ECF No. 3 at 4.

Currently before the Court are the parties' cross-motions for summary judgment. ECF Nos. 26, 29. In relation to the motions and in an apparent (but ill-advised) attempt to comply with the Court's summary judgment protocols while still each contending to get the Court to adopt their respective version of the facts, the parties filed two sets of "stipulated" facts. ECF Nos. 23 and 24. In relation to their own motion for summary judgment, Defendants filed a set of "Unstipulated Proposed Findings of Fact." ECF No. 31. However, the Court rejected these filings as being out of compliance with its protocols, and ordered the parties

> to submit a **single** agreed-upon statement of facts that complies with the Court's dispositive motion protocols within **five (5) days** of this Order. If the parties have additional disputes of fact beyond those enumerated in . . . Defendants['] statement [at ECF No. 31], they should enumerate all disputes of fact in a **single** document and include pinpoint citations to the record; if such a document is filed, it will become the operative statement of disputed facts in this matter. Failure to follow these directives will result in denial of both motions.

Text order dated April 26, 2023.[1]

The parties successfully and timely filed a single statement of agreed-upon facts. ECF No. 36. All was well, or so the Court thought. On

---

[1]This all occurred against the backdrop of a potential negotiated resolution to this case. The parties attended a mediation session before Magistrate Judge Stephen C. Dries on April 19, 2023, but the parties were unable to resolve the matter through mediation.

May 10, 2023,[2] Defendants filed an "Amended Unstipulated Proposed Findings of Fact." ECF No. 37. Plaintiff filed a response to Defendants' fact statement nine days later. ECF No. 40. Plaintiff's filing indicates that many of the facts in Defendants' statement were not actually disputed, but that "Defendants simply did not offer Plaintiff an opportunity to stipulate to" their proposed facts. *Id.* at 1, 2, 5, 9; *see also* ECF No. 41 at 7 (declaration of Plaintiff's counsel). Plaintiff further challenges other disputes proffered by Defendants as legally irrelevant or as not genuine because they rely on inadmissible evidence. ECF No. 40 at 3–4, 5–6.

Concerningly, Plaintiff suggests one of Defendants' proffered facts contradicts admissions they made earlier in discovery, *id.* at 6–7; Plaintiff further proffers two additional facts of her own that are taken from Defendants' responses to Plaintiff's requests for admissions. *Id.* at 10–11. In a related filing, Plaintiff's counsel argues that she has attempted to take, and should be allowed to take, depositions of Defendants to address these inconsistencies, but that Defendants' counsel has stonewalled these efforts. ECF No. 41 at 7–9.

Most crucially, Plaintiff disputes two of Defendants' proposed facts related to whether and to what extent Plaintiff resisted arrest. ECF No. 40 at 7. Plaintiff argues video evidence shows this is not true and that at least one Defendant reported Plaintiff did *not* resist or obstruct arrest. *Id.* Plaintiff

---

[2]The Court's April 26 text order did not specify a due date for the filing "enumerat[ing] all disputes of fact." While Defendants' filing was not improper from a timeliness standpoint, it certainly violated the spirit of the Court's order, which emphasized that disputes of fact should be laid out in a "**single** document" and obviously contemplated that the parties would *together* identify and enumerate the factual disputes between them. Such a conferral would likely have obviated many of the problems to which Plaintiff now points and which now vex the Court.

further questions the materiality of any resistance by Plaintiff because—if the arrest was made without probable cause, as Plaintiff believes—her resistance was privileged. *Id.* at 8.

The cross-motions will be denied without prejudice due to the failure by counsel for both parties to comply with the Court's summary judgment protocols. *See Stevo v. Frasor*, 662 F.3d 880, 886–87 (7th Cir. 2011) ("Because of the high volume of summary judgment motions and the benefits of clear presentation of relevant evidence and law, we have repeatedly held that district judges are entitled to insist on strict compliance with local rules designed to promote the clarity of summary judgment filings."). In particular, Defendants' counsel's apparent failure to confer with Plaintiff's counsel to draft a single statement of disputed facts, as instructed by the Court, is inexcusable. Likewise, counsel's delay in developing a single statement of undisputed facts (mostly Defendants' counsel's fault, if Plaintiff's counsel is to be believed, *see generally* ECF No. 41) is not only offensive, but also self-defeating where (1) the parties each move for summary judgment and (2) "the whole interaction [between Plaintiff and Defendants] is on video." *Id.* at 2; *see also Kreuziger v. Milwaukee County*, 617 F. Supp. 3d 970, 973 (E.D. Wis. 2022), *aff'd sub nom. Kreuziger v. Milwaukee County, Wis.*, 60 F.4th 391 (7th Cir. 2023) ("As both parties moved for summary judgment and ostensibly believe their motions to be viable, any separate set of disputed facts must be concededly immaterial.").

Moreover, the Court must deny the motions at this juncture because the parties' filings indicate either that factual disputes exist in this case that may preclude granting either motion or that insufficient discovery has been taken to justify consideration of summary judgment motions. As to the former concern, Plaintiff has identified a dispute—whether she resisted

arrest—that goes to the core of her constitutional claims. Under the present circumstances, where the parties simply cannot agree on what the facts are, it is premature to accept Plaintiff's argument that such a dispute is legally immaterial, regardless of how it is resolved as a factual matter. As to the latter concern, if Defendants are indeed backtracking on previous admissions—again, raising questions as to what the facts are—then depositions should be taken. In either instance, the Court need not expend its limited resources on resolving disputes between parties who each insist they are entitled to judgment as a matter of law but refuse to properly develop the factual record.

It appears that counsel in this matter have failed to take seriously the Court's expectations and their own responsibilities to communicate and cooperate with one another adequately and prosecute the case diligently. As explained above, the behavior of Defendants' attorney, Nancy Dominski, is particularly concerning. Such behavior, from *any* attorney, invites sanctions, up to and including payment of the opposing party's attorney's fees.[3] The Court will not tolerate any further obfuscation or prevarication in this case. The parties must find a way to move this case forward, whether through seeking leave of court to refile a motion for summary judgment in compliance with the Court's procotols,[4] preparing for trial on the dates previously scheduled, or trying again to reach a

---

[3]To the extent Defendants' counsel's concerns that Plaintiff's counsel is drawing out this case to increase attorney's fees, *see* ECF No. 28 (Defendants' status report filed under seal), are legitimate, this warning should give Defendants' counsel further reason to cooperate and conclude the case efficiently.

[4]The Court will consider but is unlikely to entertain proposed cross-motions for summary judgment. The parties should confer and make every attempt to agree as to who will be the moving party.

negotiated resolution. The Court will not dedicate any further attention to the parties' dispositive motions at this time and will await further action from the parties.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for summary judgment, ECF No. 26, be and the same is hereby **DENIED without prejudice**; and

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment, ECF No. 29, be and the same is hereby **DENIED without prejudice**.

Dated at Milwaukee, Wisconsin, this 1st day of June, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge